## D. M. DESMOND, APPELLANT, *v.* G. W. STONE, RESPONDENT.

A survey of agricultural land, made in accordance with the provisions of section 261 of an Act entitled "An Act to regulate Surveyors and surveying," gives the person for whom such survey is made a right of possession for one year from the time the certificate is recorded. For that period the survey is equivalent to actual and continuous possession where there is no survey, and is sufficient to enable a recovery in ejectment.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Storey County, Hon. RICHARD RISING presiding.

The facts of this case appear in the opinion of the Court.

*B. C. Whitman* and *Isaac L. Shuck*, Attorneys for Appellant.

Opinion by LEWIS, C. J., BEATTY and BROSNAN concurring.

This action was brought to recover a tract of land consisting of about two hundred and forty acres located in the county of Storey. The defendant denies the plaintiff's title, and avers that he is the lawful owner and entitled to the

Desmond *v.* Stone.

possession thereof. By consent of parties the action was tried by the Court, and the findings disclose the following facts: That in August, A. D. 1863, the plaintiff caused the land in question to be surveyed by the Deputy County Surveyor, and within thirty days thereafter had the certificate of such survey recorded in the office of the County Recorder; and that afterwards he built, or caused to be built, a small house upon the premises, and placed posts around the entire tract. It also appears that in April, A. D. 1864, about eight months after the survey, the defendant entered upon the premises, fenced about three acres thereof, built a small house thereon, and occupied the same from that time to the time of bringing this suit.

Upon these facts the Court below rendered judgment in favor of the defendant.

The Act of the year 1861, entitled "An Act to regulate Surveyors and surveying" (Statutes, section 267), provides that the certificate of the County Surveyor of the survey of land, provided the same is recorded within thirty days after the delivery thereof, shall be evidence of possession for one year from the date of record of such certificate. The requirements of the statute seem to have been fully followed by the plaintiff in this case.

By virtue of that survey, therefore, he must be deemed to be in possession for one year, regardless of whether he does any other act or not. The official survey for the period of one year amounts to the same as an actual and continuous occupation, and nothing further would seem to be required. This case must not be confounded with that of *Sankey* v. *Noyes*, decided by this Court at the January term. In that case, no official survey was shown, and the parties relied upon actual possession only. But the survey in this case by the statute gives possession, as potent to recover in ejectment as the actual occupation, which in the case of *Sankey* v. *Noyes* we held to be necessary where no such survey was relied on.

Judgment of the Court below reversed and cause remanded.